GLR/byk/dl

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAUREN MCDOWELL-JACOBS,

                     **Plaintiff,**

                                             **CIVIL ACTION**

**v.**

                                         **No. 06-2269-KHV-GLR**

ROBERT S. HUEBNER,

                     **Defendant.**

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for More Definite Statement (doc. 6) pursuant to Fed. R. Civ. P. 12(e). Plaintiff requests that the Court enter an order commanding Defendant to better define the allegations contained in Count I (breach of contract) and Count II (breach of fiduciary duty) of his Counterclaim (doc. 4). Ruling on this matter requires the Court to determine two issues: (1) whether Fed. R. Civ. P. 9(c) imposes a heightened pleading requirement on the Defendant's counterclaim for breach of contract, and (2) whether there is any authority in the Federal Rules of Civil Procedure or elsewhere that imposes a heightened pleading requirement on the Defendant's counterclaim for breach of fiduciary duty. The Court finds that both questions must be answered in the negative and that Plaintiff's Motion for More Definite Statement must be denied.

## I.    Facts

Plaintiff and Defendant entered into an Employment Agreement whereby Defendant employed Plaintiff as a surgeon in Defendant's practice in Crawford County, Kansas. On June 28, 2006, Plaintiff filed her Complaint alleging that Defendant violated the Kansas Wage Payment Act

and breached the Employment Agreement.   Plaintiff also alleged in her Complaint that she fully discharged all of her duties to Defendant under the Employment Agreement.

Defendant responded by filing a Counterclaim, which alleged that Plaintiff had breached a fiduciary duty, and, despite her statements to the contrary, had not discharged all of her duties under the parties' agreement and had actually breached that agreement.   Plaintiff has now filed a Motion for More Definite Statement, contending that the Defendant's allegations that Plaintiff breached the Employment Agreement amounts to an allegation of the non-occurrence of a condition precedent, and is thus subject to the heightened pleading requirements prescribed by Fed. R. Civ. P. 9(c). Plaintiff contends that the claim for breach of fiduciary duty is also subject to heightened pleading requirements.

## II.     Standard for Ruling on Motion for More Definite Statement

A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."[1]   Such motions are disfavored in light of the liberal discovery provided under the federal rules and are granted only when a party is unable to determine the issues requiring a response.[2]   "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[3]

---

[1]Fed. R. Civ. P. 12(e).

[2]*Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155-56 (D. Kan. 2004).

[3]*Id.* at 1156 (quoting *Advantage Homebuilding, LLC v. Assurance Co. of Am.*, No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004)).

2

### III.    Discussion

Plaintiff's Motion for More Definite Statement with respect to Defendant's counterclaim for breach of contract is based upon her contention that Defendant's counterclaim alleges the non-occurrence of a condition precedent and is thus subject to the heightened pleading requirements of Fed. R. Civ. P. 9(c).[4]  Plaintiff supports this argument by reasoning that her completed, breach-free performance of her contract with Defendant is a pre-condition to her ability to sue on that contract. Thus, she contends, her own breach-free performance is a condition precedent within the scope of the definition articulated by the Restatement of Contracts: "A condition precedent is a fact . . . which . . . must exist or occur before a duty of immediate performance of a promise arises . . . ."[5]

Plaintiff's argument appears to be predicated on a fundamental misunderstanding of what constitutes a condition precedent.  In contract law a condition precedent is generally a specific pre-condition to performance that is articulated within the terms of a contract.[6]  This is the standard understanding of the term, and the language cited by Plaintiff in support of her argument supports this construction: "A condition precedent is a fact . . . which . . . must exist or occur *before a duty*

---

[4]"In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred.  *A denial of performance or occurrence shall be made specifically and with particularity.*" Fed. R. Civ. P. 9(c) (emphasis added).

[5]Pl.'s Mem. in Supp. of Mot. for More Definite Statement, at 3 (quoting Restatement (First) of Contracts § 250 (1932)).

[6]*See, e.g., B-B Co. v. Piper Jaffray & Hopwood, Inc.,* 931 F.2d 675 (10th Cir. 1991) (issuance of bonds by one party a condition precedent to the other party's duty to underwrite those bonds); *see also, e.g., Enerdyne Corp. v. Wm. Lyon Development Co.*, 488 F.2d 1237 (10th Cir. 1973) (buyer's acquisition of suitable mortgage condition precedent in  contract for purchase of land to buyer's duty to purchase the land).

3

*of immediate performance of a promise* arises . . . ."[7]  The definition of condition precedent adopted by the Tenth Circuit similarly cuts against Plaintiff's argument and does not suggest that a party's complete performance of her contract duties is a "condition precedent" to her ability to sue on that contract:   "Non-occurrence of a condition precedent discharges the other party's *duty of performance.*"[8]  "A condition is an event . . . which must occur . . . before *performance under a contract becomes due.*"[9]

Plaintiff's argument is not only inconsistent with the commonly understood concept and definition of a condition precedent, but it also fails to comport with fundamental principles of contract law.  Although a party who is first to breach a contract cannot seek equitable relief,[10] the absence of a breach is not a prerequisite to suing upon the contract and receiving relief.[11]  Plaintiff's argument that Defendant's counterclaim alleges non-occurrence of a condition precedent is without merit.

Plaintiff also argues in her Motion for More Definite Statement that Defendant's counterclaim for breach of fiduciary duty is subject to a heightened pleading requirement.  As

---

[7]Pl.'s Mem. in Supp. of Pl.'s Mot. for More Definite Statement, at 3 (quoting Restatement (First) of Contracts § 250) (emphasis added).

[8]*B-B Co.,* 931 F.2d at 678 (citing Restatement (Second) of Contracts § 224 (1981)) (emphasis added).

[9]*Id.* (citations omitted).

[10]*See Country World Casinos, Inc. v. Tommyknocker Corp.*, 181 F.3d 1146,1150 (10th Cir. 1999) (noting that "a party to a contract can not claim its benefits where he is the first to violate its terms");  *see also Worthington v. Anderson,* 386 F.3d 1314, 1319 (explaining the equitable doctrine of "unclean hands").

[11]*See Harris Mkt. Research v. Marshall Mktg. & Commc'ns, Inc.*, 948 F.2d 1518 (10th Cir. 1991) (both parties breached, both parties sued, and both parties received relief).

4

authority for this proposition, Plaintiff cites *Arst v. Stifel, Nicolaus, & Co., Inc.,*[12] relying specifically on the court's articulation of the rule that "a party seeking to establish the existence of a fiduciary relationship must prove it by clear and convincing evidence."[13]  Plaintiff's reliance on this language is misplaced.  The court in *Arst* was speaking not of pleading requirements for a claim of breach of fiduciary duty, but of the standard of proof required to establish one of the elements of that tort.

Nor is there authority in the Federal Rules of Civil Procedure for Plaintiff's argument. To the contrary, the District Court for the District of Kansas has explicitly stated that a complaint alleging a breach of fiduciary duty need only comply with the standard "notice pleading" requirement prescribed by Fed. R. Civ. P. 8(a) unless a component of the claim is fraud.[14]  Fraud is not alleged as the basis for Defendant's counterclaim for breach of fiduciary duty; therefore, the claim is not subject to a heightened pleading requirement.

In summary, the Court finds that Defendant's counterclaims for breach of contract and breach of fiduciary duty are not subject to the heightened pleading requirements of Fed. R. Civ. P. 9(c) or any other federal rule, but are instead only subject to the standard "notice pleading" requirements of Rule 8(a).  The Court has reviewed Defendant's counterclaims under the "notice pleading" standard and finds that Defendant has alleged his counterclaims sufficiently specific to enable a responsive pleading in the form of a denial or admission from Plaintiff.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for More Definite Statement (doc. 6) is denied.

---

[12]86 F.3d 973 (10th Cir. 1996).

[13]*Id.* at 980.

[14]*Ames v. Uranus, Inc.*, No. 92-2170-JWL, 1993 WL 106896, at *20 (D. Kan. Mar. 16, 1993).

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 12th day of September, 2006.

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:     All counsel